Jones, J.
(dissenting). I am in agreement with the majority that the first cause of action, seeking recovery of money damages predicated on an implied agreement between cohabiting persons not married to each other, fails to state a ground for relief under the law of this jurisdiction and that dismissal is appropriate. I would go further, however, and make similar disposition of the second cause of action, on the ground that the express agreement alleged is too vague and indefinite to be enforced.
The terms of the contract in the second cause of action are set forth in paragraph 15 of the complaint where it is alleged that "it was orally agreed and understood by and between the parties hereto that plaintiff would perform the work, services and labor of a domestic nature on her part as requested by the defendant, and that the defendant would support, maintain and provide for plaintiff in accordance with his earning capac *490 ity and. that defendant further agreed on his part to take care of the plaintiff and do right by her”. Thus, defendant’s obligation is alleged first as one to support, maintain and provide for plaintiff in accordance with his earning capacity and, additionally, to take care of and do right by plaintiff. The latter segment of the purported undertaking is on its face patently indefinite and unenforceable; as we recently held in Dombrowski v Somers (41 NY2d 858, 859) the words "to take care of’ are "too vague to spell out a meaningful promise”— nothing of substance is added by the words "to do right by plaintiff’. The former segment — imposing an apparent obligation to support, maintain and provide for in accordance with (defendant’s) earning capacity — is similarly nebulous and indeterminate. A reference of more substance is required than simply one to the provider’s earning capacity to describe what it is to which the parties are agreeing. What is notably lacking is any statement of the standard of support and maintenance to be provided or of what relationship is to furnish the measure of the allegedly agreed-on life-style. Assuming a provider whose earning capacity places ample funds at his disposal, the level of support and maintenance he will provide for his wife and children will of course vary substantially from the level he will provide for a household retainer living within his residence. Is it the former style of maintenance or the latter — or some other, such as might be extended to a favorite, impoverished aunt living outside the family establishment — to which the defendant binds himself by the alleged agreement?* By its terms the promise is indefinite and uncertain and it runs afoul of the basic premise of contract law — viz., "It is a necessary requirement in the nature of things that an agreement in order to be binding must be sufficiently definite to enable a court to give it an exact meaning” (1 Williston, Contracts [3d ed], § 37).
The majority dismisses the problem of vagueness by reliance on the allegation included in the second pleaded cause of *491 action that "the net profits from the agreement and partnership of the plaintiff and defendant were to be used for and applied to the equal benefit of plaintiff and defendant”, apparently accepting this as a sufficiently definite statement of the obligation now sought to be enforced. But, rather than clarifying the ambiguity, this allegation only confounds the confusion. What are "net profits from the agreement and partnership” is wholly unelucidated and, when the agreement as described in paragraph 15 of the complaint is examined, the term seems strange indeed, for the compact is only that plaintiff will perform domestic services and defendant will support her to the undefined extent previously discussed. Although there is an allegation in paragraph 16 that defendant "was to have full charge of the business”, no reference to any business appears elsewhere in the pleading and nowhere is it alleged that defendant bound himself to operate or carry on any profit-making activity. Surely it cannot be said that the domestic work for which plaintiff engaged would produce profits. How the "profits” — not to mention the "net profits”— from such an agreement are to be determined is a conundrum; as a consequence any provision for their application to the equal benefit of the parties is fatally vague and indefinite. Plaintiff invites our attention to no case in which courts have undertaken to enforce an agreement approaching the indefiniteness of that allegedly made by the parties to this litigation.
Because the second cause of action seeks recovery on the basis of an agreement the terms of which are too uncertain to admit of its enforcement, this action, like the first cause of action, should be dismissed.
Chief Judge Cooke and Judges Gabrielli, Wachtler and Fuchsberg concur with Judge Meyer; Judge Jones dissents in part and votes to affirm in a separate opinion in which Judge Jasen concurs.
Order modified, etc.

 If the agreement alleged were to be interpreted as committing defendant to support plaintiff, within his earning capacity, in the style of a wife, and were to be so enforced, the result would be largely to vitiate the statutory ban on common-law marriages at least with respect to the parties to the arrangement themselves (L 1933, ch 606, amdg Domestic Relations Law, § 11). Nevertheless, the infirmity of the alleged agreement lies not in its potential for impairment of the statute but in its inherent vagueness. Respect for the legislative determination manifested in the statute, however, precludes resort to marital standards of support to supply the definiteness which the agreement of the parties otherwise lacks.